# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
E-Filed: February 11, 2014
UNPUBLISHED

```
* * * * * * * * * * * * *
RONDA ODOM,                        *    No. 13-865V
                                   *
                                   *    Special Master
              Petitioner,          *    Nora Beth Dorsey
                                   *
v.                                 *
                                   *
SECRETARY OF HEALTH                *    Ruling on Entitlement; Conceded DTaP
AND HUMAN SERVICES,                *    Vaccine ; Shoulder Injury Related to
                                   *    Vaccine Administration ("SIRVA").
              Respondent.          *
                                   *
* * * * * * * * * * * * *
```

John Robert Howie, Jr., Howie Law, P.C., Dallas, TX, for petitioner.
Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On November 1, 2013, Ronda Odom ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program")[2] alleging that she received a Diphtheria, Tetanus, and acellular Pertussis ("DTaP") vaccination on August 30,

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002 § 205, 44 U.S.C. § 3501 (2006). In accordance with the Vaccine Rules, each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

2012, and thereafter suffered a shoulder injury.  See Petition at 1.

On February 11, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) in which she concedes that petitioner is entitled to compensation in this case.  Respondent's Report at 3-4.  Specifically, respondent agrees that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"), and that her shoulder injury is related to the administration of the DTaP vaccination she received on August 30, 2012.  Id.  Respondent further states that she has identified no other cause for petitioner's SIRVA.  Id.  Based on a review of the medical records, respondent states that petitioner has met the applicable statutory requirements by suffering her condition for more than six months and that, therefore, petitioner has satisfied all legal prerequisites for compensation under the Act.  Id.

A special master may determine whether a petitioner is entitled to compensation based upon the record.  A hearing is not required. §300aa-13; Vaccine Rule 8(d).  In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation.  This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

                                                  s/Nora Beth Dorsey
                                                  Nora Beth Dorsey
                                                  Special Master