# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-865V
Filed: May 21, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| RONDA ODOM, | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Decision on Proffer; Damages; |
| SECRETARY OF HEALTH | * | Diphtheria-Tetanus-Acellular- |
| AND HUMAN SERVICES, | * | Pertussis (DTaP) Vaccine; Shoulder |
| | * | Pain (SIRVA). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

<u>John Robert Howie, Jr.</u>, Howie Law, P.C., Dallas, TX, for petitioner.
<u>Claudia Barnes Gangi</u>, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On November 1, 2013, Ronda Odom ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that she suffered pain in her left shoulder secondary to a Diphtheria-Tetanus-acellular Pertussis ("DTaP") vaccine she received in her left arm on August 30, 2012. See Petition at 1.

On February 11, 2014, respondent filed a report pursuant to Vaccine Rule 4(c) conceding

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that petitioner is entitled to compensation in this case. Respondent's Report at 3-5.  Specifically, respondent stated that petitioner's alleged injury is consistent with a shoulder injury related to vaccine administration (SIRVA) and that petitioner has satisfied all legal prerequisites for compensation under the Act.  Id. at 4.

On May 21, 2015, respondent filed a Proffer on Award of Compensation ("Proffer").  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer (Appendix A), the undersigned awards petitioner:

**A lump sum of $754,816.83, in the form of a check payable to petitioner, Ronda Odom.**  This amount represents compensation for lost earnings ($653,922.50), pain and suffering ($100,000.00), and past unreimbursable expenses ($894.33).

Proffer ¶ II.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RONDA ODOM, ) | |
| ) | |
| Petitioner, ) | |
| ) | **No. 13-865V** |
| v. ) | **Special Master Dorsey** |
| ) | **ECF** |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.  Items of Compensation**

  A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

  B.  Lost Earnings

The parties agree that based upon the evidence of record, Ronda Odom has suffered a past loss of earnings and will suffer future lost earnings as a result of her vaccine-related injury.  Therefore, respondent proffers that the Court should award Ronda Odom a lump sum of $653,922.50 for her lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

  C.  Pain and Suffering

Respondent proffers that the Court should award Ronda Odom a lump sum of $100,000.00 for her actual and projected pain and suffering.  This amount reflects that the award

for projected pain and suffering has been reduced to net present value.  See § 300aa-15(a)(4). Petitioner agrees.

      D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Ronda Odom's expenditure of past unreimubursable expenses as a result of her vaccine-related injury.  Respondent proffers that the Court should award Ronda Odom a lump sum of $894.33 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

      E.  Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II.  Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $754,816.83, representing compensation for lost earnings ($653,922.50), pain and suffering ($100,000.00), and past unreimbursable expenses ($894.33), in the form of a check payable to petitioner, Ronda Odom.

## III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:            **$754,816.83**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.:  (202) 616-4138


Dated:   May 21, 2015